1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                                   **DISTRICT OF NEVADA**

6

7   UNITED STATES OF AMERICA,                    )
                                                 )
         Plaintiff,                              )

8                                                )          2:06-cr-00341-RCJ-LRL-1
         vs.                                     )

9                                                )
    RANGEL AGUILLAR JOSE ANTONIO,                )          **ORDER**

10                                               )
         Defendant.                              )

11   _____         )

12          Pending before the Court is Petitioner Rangel Aguillar Jose Antonio's Petition for

13   Habeas [Corpus] Relief Under 28 U.S.C. § 2255 on Motion to Set Aside, Vacate, or Correct

14   Sentence (ECF No. 82).  For the reasons given herein, the Court denies the motion.

15   **I.      FACTS AND PROCEDURAL HISTORY**

16          Petitioner pled guilty to one count of Aiding and Abetting Possession of a Controlled

17   Substance with Intent to Distribute, 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii),

18   and the Court sentenced him to 150 months of imprisonment, to be followed by five years of

19   supervised release. (*See* J. 1–3, Oct. 6, 2008, ECF No. 66).  Petitioner pled pursuant to a plea

20   agreement in which he waived his right to appeal any aspect of his conviction and sentence

21   except an upward departure or a sentence based on a higher offense level calculation than he and

22   the Government had agreed. (*See* Plea Memorandum 4, Apr. 8, 2008, ECF No. 52).  The Court

23   of Appeals affirmed the conviction and sentence but remanded for a *nunc pro tunc* clerical

24   amendment of the Judgment. (*See* Mem. Op. 2, Mar. 4, 2010, ECF No. 79).  Petitioner did not

25   file for certiorari but timely filed the present Petition.  Petitioner alleges three errors: (1)

1   *Apprendi* error; (2) reliance on an improper calculation in the pre-sentencing report ("PSR"); and

2   (3) an unreasonable sentence.  All three claims are waived.

3   **II.     LEGAL STANDARDS**

4          Issues decided on direct review, or which could have been raised on direct review but

5   were not raised, cannot be brought in a § 2255 claim. *Reed v. Farley*, 512 U.S. 339, 358 (1994).

6   The former kinds of claim are res judicata, and the latter kinds of claim are said to be

7   "procedurally defaulted" and cannot be raised later in a collateral attack. *See id.*  There are

8   exceptions to the procedural default rule when a defendant can show: (1) cause and prejudice; or

9   (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley*

10  *v. United States*, 523 U.S. 613, 622 (1998)).

11         "Cause" means "some objective factor external to the defense" that impeded the

12  defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467,

13  493 (1991).  Among the reasons that can constitute "cause" are government coercion, *see United*

14  *States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see*

15  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or

16  legal basis for the claim," *see id.*  Ineffective assistance of counsel is "cause" excusing

17  procedural default only where the failure rises to the level of a constitutional violation under

18  *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v.*

19  *Washington*, 466 U.S. 668 (1984)).

20         "Prejudice" means that "the constitutional errors raised in the petition actually and

21  substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness."

22  *Murray v. Carrier*, 477 U.S. 478, 494 (1986).  A showing of prejudice requires demonstration of

23  a "reasonable probability that . . . the result of the proceedings would have been different.  A

24  reasonable probability is a probability sufficient to undermine confidence in the outcome."

25                                              Page 2 of  4

1    *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

2    **III.    ANALYSIS**

3             The Petition is timely under § 2255(f)(1), but the claims are waived via the plea

4    agreement. (*See* Plea Memorandum 4 ("In exchange for the concessions made by the United

5    States in this plea agreement, the defendant knowingly and expressly waives the right to appeal

6    any sentence that is imposed within the applicable Sentencing Guideline range as determined by

7    the Court, further waives the right to appeal the manner in which that sentence was determined

8    on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the

9    right to appeal any other aspect of the conviction or sentence . . . . The defendant reserves only

10   the right to appeal any portion of the sentence that is an upward departure, or that is higher than

11   the parties' adjusted offense level calculation, set forth above at Section (C)(1).")).  In Section

12   (C)(1), the parties agreed to a base level of 34 minus 3 levels for acceptance of responsibility and

13   minus 2 more levels if the safety valve under U.S.S.G. § 2D1.1(b)(6) applied, for an adjusted

14   offense level of 29 or 31, depending on the applicability of the safety valve. (*See id.* 2).  The

15   dispositive question for waiver of the claims is whether the sentence imposed was an upward

16   departure or higher than permitted based on the offense level calculation in the plea agreement.

17            At sentencing, Petitioner objected to two criminal history points that did not affect the

18   criminal history category.  He was ineligible for the safety valve because he had more than one

19   criminal history point, which Petitioner did not contest.  The Court then discussed the offense

20   level.  The probation officer explained that he had calculated a total offense level of 33 based on

21   a base offense level of 36, minus 3 levels for acceptance of responsibility.  The guideline range

22   was 168 to 210 months imprisonment.  The Government then noted that the plea agreement

23   provided for a base offense level of 34, minus 3 levels for acceptance of responsibility, for a total

24   offense level of 31, implicating a guidelines range of 135 to 168 months.  The Government noted

25                                                  Page 3 of  4

1  that the calculation in the plea agreement was wrong and that the probation officer's calculation

2  was correct, but the Government believed it was bound to recommend a guidelines sentence

3  based on the erroneously low calculation in the plea agreement.  The Government noted that a

4  recommendation of 168 months would be within both the plea agreement (which had

5  erroneously calculated the range to the benefit of Petitioner) and the probation officer's correctly

6  calculated range.  The Government, however, recommended 150 months, which was slightly

7  below the mid-range of the plea agreement range and was in fact a downward departure from the

8  correct range found by the Court.  The Court imposed a below-guidelines sentence of 150

9  months, which was within the guidelines as contemplated in the plea agreement.  Because the

10  sentence imposed was neither an upward departure nor outside the guidelines as contemplated in

11  the plea agreement, Defendant has waived the right to challenge it under the plea agreement.

**CONCLUSION**

13  IT IS HEREBY ORDERED that the Petition for Habeas [Corpus] Relief Under 28 U.S.C.

14  § 2255 on Motion to Set Aside, Vacate, or Correct Sentence (ECF No. 82) is DENIED.

15  IT IS SO ORDERED.

16  Dated this 28th day of March, 2011.

_____

ROBERT C. JONES
United States District Judge